IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN ROOSEVELT MCGEE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | No. 16-1111-JDT-egb |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. §2255
AND GRANTING A CERTIFICATE OF APPEALABILITY

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Franklin Roosevelt McGee. For the reasons stated below, the Court DENIES McGee's § 2255 motion.

On July 16, 2007, a federal grand jury returned a one-count indictment charging McGee with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 07-10077, Crim. ECF No. 1.) McGee entered a guilty plea, pursuant to a written plea agreement, on February 19, 2008. (*Id.*, Crim. ECF Nos. 29, 30 & 32.) At the sentencing hearing on May 21, 2008, the Court determined, based on his prior felony convictions, that McGee qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).[1] *See also* U.S.S.G. § 4B1.4. He was sentenced to a 180-month term of imprisonment and a three-year period of supervised release. (No. 07-10077, Crim. ECF Nos. 37 & 39.)

---

[1] The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

On appeal, the Sixth Circuit granted the parties' joint motion to remand the case for re-sentencing in light of *Begay v. United States*, 553 U.S. 137 (2008) and *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009). *United States v. McGee*, No. 08-5689 (6th Cir. Feb. 26, 2010). At the re-sentencing hearing on April 7, 2011, the Government conceded, based on the state of the law after *Begay* and *Baker*, that McGee's 2003 conviction for reckless aggravated assault (Presentence Report (PSR) ¶ 29) could not be counted as a violent felony under the ACCA. (No. 07-10077, Re-Sent'g Tr., Crim. ECF No. 89 at PageID 208.) In addition, this Court concluded, over the objection of the Government, that a 1986 conviction for aggravated assault (PSR ¶ 23) also could have involved reckless conduct and did not qualify as an ACCA predicate. (Crim. ECF No. 89 at PageID 197-207, 221-22.) However, the Court found that McGee's 1995 convictions for aggravated robbery, felony escape and aggravated assault (PSR ¶ 27) qualified as separate violent felonies "committed on occasions different from one another" under the ACCA. (Crim. ECF No. 89 at PageID 222-24.) Consequently, the Court again sentenced McGee to a 180-month term of imprisonment. (Crim. ECF Nos. 80 & 82.) The Sixth Circuit dismissed McGee's appeal. *McGee v. United States*, 516 F. App'x 515 (6th Cir. 2013).

On March 4, 2014, McGee filed a timely motion pursuant to 28 U.S.C. § 2255, which was denied. *McGee v. United States*, No. 14-1052-JDT-egb (W.D. Tenn. Aug. 18, 2014). He did not file an appeal.

The Sixth Circuit subsequently granted McGee's application for permission to file a second or successive § 2255 motion challenging the constitutionality of his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and transferred the matter to this Court. *In re McGee*, No.

15-6232 (6th Cir. May 19, 2016). The Government filed a response to the motion as directed by the Court (ECF No. 11), and McGee has filed a reply (ECF No. 14).

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause" or "use-of-force clause"), (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated offenses clause"), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the

3

"residual clause"). *Id.*, § 924(e)(2)(B)(i)-(ii). In *Johnson v. United States*, the Supreme Court held the ACCA's residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

McGee argues in his § 2255 motion that after the decision in *Johnson*, his only ACCA predicate is the 1995 Tennessee conviction for aggravated robbery. He contends he no longer qualifies as an armed career criminal; therefore, he asks the Court to vacate his sentence and sentence him to time served.

The Government does not contest McGee's assertion that his 1995 conviction for felony escape may no longer be considered because it would now qualify as an ACCA predicate only under the invalidated residual clause. However, the Government contends that under current law all three of McGee's prior convictions for aggravated assault may now be counted under the use-of-force clause to qualify him as an armed career criminal.

As a preliminary matter, McGee contends, based on the law-of-the-case doctrine, that the Government waived any argument that his 1986 aggravated assault conviction should be counted under the ACCA when it failed to cross-appeal the Court's ruling on that issue. However, given the seismic shifts that have occurred in the law governing whether a particular conviction qualifies as an ACCA predicate, the Court will consider all of the arguments made by the parties with regard to McGee's prior convictions.

In order to determine whether a prior conviction is a violent felony under the ACCA, courts must use the "categorical approach" prescribed in *Taylor v. United States*, 495 U.S. 575 (1990).

Under that approach, courts look "only to the statutory definitions of the prior offense, and not to the particular facts underlying those convictions." *Id.* at 600. If a statute's elements are the same as the "generic" offense, the conviction can be an ACCA predicate. *Descamps v. United States*, 570 U.S. 254, 261 (2013) (citing *Taylor*). However, if the statute "sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form." *Id.*

If the statute in question is "divisible," listing "potential offense elements in the alternative," *id.* at 260, courts use a "modified categorical approach" to determine which of those alternative elements was the basis of the conviction. *Id.* at 262-63. In making that determination, courts may "examine a limited class of documents." *Id.* at 262 (citing *Taylor*). Those documents include the charging papers, jury instructions, plea agreement, the transcript of a plea colloquy, or some other "comparable judicial record" showing that the defendant admitted the generic elements of the offense. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602.

The version of Tennessee's aggravated assault statute in effect at the time of McGee's 1995 conviction provided, in pertinent part:

(a) A person commits aggravated assault who:

    (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

    (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon.

> . . . .
>
> (d) Aggravated assault under subsection (a)(1), (b) or (c) is a Class C felony. Aggravated assault under subsection (a)(2) is a Class D felony. . . .

Tenn. Code Ann. § 39-13-102 (1993). The statute classifies intentional or knowing aggravated assault as a Class C felony and reckless aggravated assault as a Class D felony. Therefore, the subsections constitute alternative elements, and the statute is divisible. The Court must use the modified categorical approach to determine which elements were involved in McGee's 1995 conviction.

The indictment for McGee's 1995 conviction charged that he "did unlawfully and/or intentionally and/or knowingly by displaying and/or using a deadly weapon, to-wit: a stick, . . . cause Jerry West to reasonably fear imminent bodily injury . . . ." (ECF No. 11-2 at PageID 49.) It is evident McGee was charged under § 39-13-102(a)(1)(B), requiring an intentional or knowing assault by use or display of a deadly weapon. An intentional or knowing assault by using or displaying a deadly weapon necessarily involves the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Therefore, McGee's 1995 conviction for aggravated assault under § 39-13-102(a)(1)(B) qualifies as a violent felony under the ACCA's use-of-force clause.

A different version of Tennessee's aggravated assault statute was in effect at the time of McGee's 1986 conviction. That statute provided, in pertinent part, as follows:

> (b) A person is guilty of the offense of aggravated assault, regardless of whether the victim is an adult, a child, or the assailant's spouse, if such person:
>
>> (1) Attempts to cause or causes serious bodily injury to another willfully, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life;

> (2) Attempts to cause or willfully or knowingly causes bodily injury to another with a deadly weapon;
>
> (3) Assaults another while displaying a deadly weapon or while the victim knows such person has a deadly weapon in his possession;
>
> . . . .

Tenn. Code Ann. § 39-2-101(b) (Supp. 1984).[2] Unlike the 1993 version, whether this version of the statute is divisible is not clear from the language of the statute itself. However, Tennessee state courts applying the statute treated the subsections as alternative elements. *See, e.g., State v. Slack*, No. 62, 1991 WL 231111, at *2 (Tenn. Nov. 12, 1991) ("The indictment in this matter, although inartfully drawn, can be interpreted to charge . . . any of the three forms of aggravated assault covered in the trial court's jury instructions."). Therefore, the earlier statute also is divisible.

The indictment for the 1986 conviction charged that McGee "did unlawfully and feloniously make an assault upon the person of David Woolfork while in possession of a firearm, in violation of Section 39-2-101." (No. 07-10077, Crim. ECF No. 87-2 at PageID 183.) While the pertinent subpart is not specified, it is apparent from the reference to assault while in possession of a firearm that the indictment charges a violation of § 39-2-101(b)(3). The Government states that this subpart "does not appear to rule out reckless conduct." (ECF No. 11 at PageID 40.) *But see Clemons v. United States*, No. 2:11-cv-03140, 2017 WL 1030725, at *20 (W.D. Tenn. Mar. 15, 2017) ("One cannot violate section 39-2-101(b)(3) without using or threatening to use physical force against another. Section 39-2-101(b)(3) aggravated assault is a violent felony under the use-of-force clause.") As stated *supra*, the Government also does not dispute that McGee's 2003 conviction for

---

[2] The Government has pointed out that at McGee's re-sentencing hearing, the Court was erroneously provided only with the later 1993 version of the aggravated assault statute. (*See* No. 07-10077, Crim. ECF No. 84; *see also* ECF No. 11 at 6.)

aggravated assault was based on a subsection of the Tennessee statute encompassing reckless conduct.

It previously was the law in the Sixth Circuit that convictions based on reckless conduct could not be counted as ACCA predicates under the use-of-force clause. In *United States v. McMurray*, 653 F.3d 367, 373-76 (6th Cir. 2011), the Court of Appeals considered a subsection of yet another version of the Tennessee aggravated assault statute.[3] The Sixth Circuit held that because the subsection could be violated through reckless conduct it was not categorically a crime of violence under either the use-of-force clause or the residual clause of the ACCA. 653 F.3d at 373-77. *See also United States v. Cooper*, 739 F.3d 873, 878-79 (6th Cir. 2014).

Notwithstanding the Sixth Circuit's decision in *McMurray*, the Government contends that McGee's 1986 and 2003 convictions both may be counted as ACCA predicates, relying on *Voisine v. United States*, 136 S. Ct. 2272 (2016). In *Voisine*, the Supreme Court addressed 18 U.S.C. § 922(g)(9), which prohibits a person convicted of a "misdemeanor crime of domestic violence" from possessing a firearm or ammunition with a connection to interstate commerce. Section 921(a)(33)(A) defines "misdemeanor crime of domestic violence" to include misdemeanors that have, "as an element, the use or attempted use of physical force." The Supreme Court explained that "[n]othing in the word 'use' . . . indicates that § 922(g)(9) applies exclusively to knowing or

---

[3] The subsection at issue provided:

  (a)  A person commits aggravated assault who:
      (1)  Commits an assault as defined in § 39-13-101 and:
          (A)  Causes serious bodily injury to another . . .
. . . .

Tenn. Code Ann. § 39-13-102(a)(1)(A) (1991).

intentional domestic assaults." 136 S. Ct. at 2278. "A person who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Id.* at 2280.

Following *Voisine*, some district courts within the Sixth Circuit held, specifically with reference to the Tennessee reckless aggravated assault, that the Supreme Court's decision did not abrogate *McMurray* and should not be extended to apply to the use-of-force clause of the ACCA or the Career Offender sentencing guideline, U.S.S.G. § 4B1.2(a). *See, e.g.*, *Davis v. United States*, 262 F. Supp. 3d 539, 550-52 (E.D. Tenn. 2017) (ACCA); *United States v. Wehunt*, 230 F. Supp. 3d 838, 846-48 (E.D. Tenn. 2017) (§ 4B1.2(a)). However, in *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017), a panel of the Sixth Circuit relied on *Voisine* to hold that a crime requiring only recklessness can be a crime of violence under U.S.S.G. § 4B1.2(a). "In sum, the argument that crimes satisfied by reckless conduct categorically do not include the 'use of physical force' simply does not hold water after *Voisine*." 874 F.3d at 264.

The definition of "crime of violence" in § 4B1.2(a) is the same as that in the ACCA and is subject to the same analysis. *See United States v. Glover*, 681 F. App'x 432, 434 (6th Cir. 2017). Unless it is overturned or abrogated the decision in *Verwiebe* is binding precedent that requires this Court to find that even if McGee's 1995 and 2003 aggravated assault convictions could have encompassed reckless conduct, both qualify as violent felonies under the ACCA's use-of-force clause. *See Owens v. United States*, No. 13-cv-2139-SHM-cgc, 2018 WL 718547, at *7 (W.D. Tenn. Feb. 5, 2018); *Drake v. United States*, No. 3:16-cv-01427, 2017 WL 4805204, at *5-*6 (M.D. Tenn. Oct. 24, 2017).

9

For the reasons stated herein, the Court concludes that, in addition to his 1995 conviction for aggravated robbery, McGee's 1986, 1995 and 2003 Tennessee convictions for aggravated assault may be counted as predicate offenses under the ACCA. Therefore, McGee is not entitled to relief under § 2255, and his motion to vacate sentence is DENIED. All other pending motions are also DENIED.[4]

Twenty-eight U.S.C. § 2253(a) requires the Court to evaluate the appealability of this decision and to issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the certificate of appealability must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)-(3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

In *United States v. Harper*, 875 F.3d 329 (6th Cir. 2017), *petition for cert. docketed*, No. 17-7613 (U.S. Jan. 30, 2018), a different panel of the Sixth Circuit acknowledged the binding precedent of *Verwiebe* but expressed its disagreement with the decision. *Id.* at 330-33. A petition for writ of

---

[4] McGee filed three motions for an immediate hearing, in effect demanding that the Court promptly issue a ruling. (ECF Nos. 2, 15 & 17.) The latest, filed on May 4, 2018, was accompanied by a proposed order, a copy of which counsel also sent to the Chief Judge of this district, the Honorable S. Thomas Anderson. Counsel's intent in sending the order to Chief Judge Anderson is unclear, as the position of Chief Judge carries no authority to generally supervise cases that are assigned to other judges within the district.

certiorari is pending in *Harper*. In light of that filing, the Court hereby GRANTS a certificate of appealability on the issue of whether a Tennessee conviction for reckless aggravated assault is a crime of violence under the ACCA.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE